UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | | |
|---|---|---|
| SHAWN BRUSHINGHAM, *individually and on behalf of all similarly situated*, | : : : | CIVIL NO.: |
| Plaintiff, | : : | |
| v. | : : | **COLLECTIVE AND CLASS ACTION COMPLAINT AND** |
| NATIONWIDE MUTUAL INSURANCE CO., | : : | **JURY DEMAND** |
| Defendant. | : : : | |

Plaintiff Shawn Brushingham, by and through his attorneys Brown, LLC, individually and on behalf of all similarly situated, alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action to recover monetary damages, liquidated damages, interest and costs, including reasonable attorney's fees as a result of Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2.      Plaintiff brings this action against Defendant under the FLSA in connection with Defendant's widespread violations of its statutory obligation to pay Plaintiff and other hourly-paid material damage representatives overtime compensation at a rate of time and a half (1.5) of his regular rate of pay for hours worked in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a).

3.      In addition to his FLSA claims, Plaintiff asserts claims as a class action pursuant to Rule 23(b) for unpaid overtime under the New York Minimum Wage Act, NY CLS Labor §§ 65, *et seq.*

1

and New York's Minimum Wage Order for Miscellaneous Industries and Occupations, N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2. ("New York Labor Law").

4.      Upon information and belief, within the last six (6) years prior to the filing this Complaint, Defendant has willfully and intentionally committed systematic and widespread violations in the manner described herein.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, 29 U.S.C. § 201 *et seq.,* a Federal statute.

6.      The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise from the same nucleus of facts as his FLSA claims.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (c) and (d) because the Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

8.      Defendant Nationwide Mutual Insurance Co. ("Defendant") is a corporation organized and existing under the laws of the State of Ohio with its headquarters in Columbus, Ohio.

9.      Defendant is one of the largest insurance and financial services companies in the world.[1]

10.     Defendant employs over 30,000 associates in locations across the United States and operates over 30 office locations with 100 or more associates.[2]

11.     Defendant is authorized to conduct business in New York, including the employment of material damage representatives within this District.

12.     Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203.

---

[1] See Defendant's website (last accessed on April 17, 2019): https://www.nationwide.com/about-us/corp-overview.jsp.
[2] See Defendant's website (last accessed on April 17, 2019): https://www.nationwide.com/about-us/careers-office-locations.jsp.

13.     At all relevant times, Defendant has been an enterprise engaged in commerce, within the meaning of 29 U.S.C. § 203.

14.     At all relevant times, Defendant's annual gross revenue has exceeded $500,000.

15.     During his employment with Defendant, Plaintiff was an individual engaged in commerce, within the meaning of 29 U.S.C. § 203.

16.     Plaintiff Shawn Brushingham is a resident of Cattaraugus County, State of New York.

17.     Plaintiff worked for Defendant in New York as an hourly-paid Material Damage Representative ("MDR") from approximately September 20, 1999 – December, 2018.

18.     Plaintiff has filed a written consent form.

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint, as if fully set forth herein.

20.     Material Damage Representatives (MDRs) are classified as non-exempt employees under the FLSA.

21.     As non-exempt employees MDRs are entitled to overtime if they work in excess of 40 hours in a workweek.

22.     MDRs, including Plaintiff, were previously misclassified as exempt from overtime under the FLSA.

23.     Defendant reclassified MDRs, including Plaintiff, as non-exempt approximately ten years ago.

24.     Since the reclassification, MDRs, including Plaintiff, are paid an hourly rate of pay.

25.     Defendant has a policy of limiting overtime pay to overtime hours that have been approved based on MDRs' production.

26.     According to Defendant's policy, MDRs have to reach a certain level of production to qualify for overtime pay.

27.     On most workdays Plaintiff would work from approximately 6:30 a.m. to 8:00 a.m., then from approximately 9:00 a.m. – 4:00 p.m.

28.     Plaintiff would perform additional work between approximately 8:00 p.m. 10:00 p.m. several days a week.

29.     Plaintiff regularly worked through his thirty minute lunch break.

30.     Plaintiff self-reported his time worked.

31.     Despite Plaintiff's "self-reported" hours worked, Defendant refused to pay Plaintiff for all hours he worked over 40 in a workweek.

32.     Defendant made it clear to Plaintiff that only approved overtime hours would be paid and rejected Plaintiff's numerous requests for overtime approval and for compensation for overtime hours worked.

33.     MDRs, including Plaintiff, would regularly work over 40 hours in a workweek.

34.     MDRs, including Plaintiff, were not paid for all hours worked over 40 hours in a workweek.

35.     Defendant knew or should have known that Plaintiff and MDRs company-wide were working hours in excess of 40 hours per week, without overtime compensation of one-and-one-half (1.5) their pay for hours worked in excess of 40 per week.

36.     Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of such departments.

Defendant's violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

37.    Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

38.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the "FLSA Collective," to be defined as:

> *All hourly-paid Material Damage Representatives who worked for Defendant within the period of three years prior to the commencement of this action and the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

39.    Plaintiff is similarly situated to the other FLSA Collective members, as they all worked as MDRs for Defendant during the time of the unlawful policies alleged herein, and as a result of such policies, were deprived of overtime compensation in a manner susceptible to class-wide adjudication.

## CLASS ACTION ALLEGATIONS

40.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

41.    Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and as an opt-out class action on behalf of all similarly situated hourly-paid Material Damage Representatives, the class members, hereinafter referred to as the "New York Class," to be defined as:

> *All hourly-paid Material Damage Representatives who worked for Defendant in New York within the period of six years prior to the commencement of this action and the date of judgment.*

42.     Plaintiff states law Rule 23 claims are brought on an "opt-out" basis, such that the class includes individuals who have not filed written consent forms in this matter.

43.     This action is properly brought as a class action pursuant to the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

44.     The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least forty (40) class members.

45.     This litigation is properly brought as a class action because of the existence of questions of fact and law common to Plaintiff and other members of the class which predominate over any questions affecting only individual members, including:

    a. Whether Defendant "employed" members of the class described above for purposes of New York labor laws;

    b. Whether Defendant is liable to members of the class described above for violations of the applicable labor codes;

    c. Whether Defendant failed to pay members of the class described above proper overtime in violation of NY CLS Labor §§ 650;

46.     This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the class members, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein.

47.     Like all class members, Plaintiff was damaged by Defendant's system-wide policies and practices of failing to pay overtime for overs worked over 40 in a workweek, thus giving rise to legal remedies under applicable New York labor law.

48.     Plaintiff has no interests antagonistic to the interests of other class members.

49.      Plaintiff is committed to the vigorous prosecution of this action and retained competent

counsel experienced in class action litigation. Accordingly, Plaintiff is adequate and will fairly and

adequately protect the interests of the classes.

50.      A class action is an appropriate and superior method for the fair and efficient adjudication

of the present controversy given the following factors:

>    a. Numerosity under Fed. R. Civ. P. 23(a)(1). Despite the size of individual class
>    members' claims, their aggregate volume, coupled with the economies of scale
>    inherent in litigating similar claims on a common basis, will enable this case to be
>    litigated as a class action on a cost-effective basis, especially when compared with
>    repetitive individual litigation;
>
>    b. Commonality under Fed. R. Civ. P. 23(a)(2). Common questions of law and/or
>    fact predominate over any individual questions which may arise, and, accordingly,
>    there would accrue enormous savings to both the Court and the putative classes in
>    litigating the common issues on a class wide basis instead of on a repetitive
>    individual basis;
>
>    c. Typicality under Fed. R. Civ. P. 23(a)(3). The named Plaintiff's claims are typical
>    and not antagonistic to the claims of members of the proposed classes; and
>
>    d. Adequacy of Representation under Fed. R. Civ. P. 23(a)(4). Plaintiff has retained
>    counsel competent and experienced in complex class action litigation and intends
>    to prosecute this action vigorously. No unusual difficulties are likely to be
>    encountered in the management of this class action in that all questions of law
>    and/or fact to be litigated at the liability stage of this action are common to the
>    classes.

51.    Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the classes, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests. Plaintiff anticipates there will be no difficulty in the management of this litigation. This litigation presents claims under applicable state wage statutes of a type that have often been prosecuted on a class wide basis, and the manner of identifying the class members and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

52.    Plaintiff brings this class action against Defendant to recover unpaid overtime, liquidated damages, and reasonable attorneys' fees and costs pursuant to NY CLS Labor § 663.

## COUNT I
**Failure to Pay Overtime Compensation in Violation of the FLSA, 29 U.S.C. § 207(a)(1)**
Brought by Plaintiff Individually and on a Collectively Basis Pursuant to 29 U.S.C. § 216(b)

53.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

54.    29 U.S.C. § 207(a)(1) provides "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

55.    Defendant knew or should have known that members of the FLSA Collective, including Plaintiff, to work over forty (40) hours per week but willfully failed to pay them for all hours worked, as alleged herein.

56.     As a result of Defendant's foregoing violation, FLSA Collective members, including Plaintiff, were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C § 216(b).

<u>**COUNT II**</u>
**Violation of New York Labor Law**
<u>Brought by Plaintiff Individually and on a Class Basis Pursuant to Fed. R. Civ. P. 23(b)</u>

57.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

58.     Pursuant to authorization by the New York Minimum Wage Act, NY CLS Labor §§ 650, *et seq.*, the New York Department of Labor has promulgated a "Minimum Wage Order for Miscellaneous Industries and Occupations," 12 N.Y.C.R.R. §§ 142, *et seq.*, which requires, *inter alia*, that "An employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate…" §§ 142-2.2.

59.     NY CLS Labor § 663 allows an employee who has not been paid in accordance with the New York Minimum Wage Act to bring a civil action to recover all unpaid amounts, liquidated damages, interest, costs, and reasonable attorneys' fees.

60.     Defendant required Plaintiff to work over forty (40) hours per week but willfully failed to pay him for all hours worked, as alleged herein.

61.     As a result of Defendant's foregoing violations, Plaintiff was illegally deprived of wages in amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, interest, costs, and reasonable attorney's fees.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

9

(A)     Judgment for damages for all unpaid overtime compensation under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.* during the applicable statutory period.

(B)     Judgment for liquidated damages pursuant to the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period.

(C)     Judgment for damages for all unpaid overtime compensation due under NY CLS Labor § 663 for the applicable statutory period.

(D)     Judgment for reasonable attorney's fees and all costs connected with his action.

(E)     Incentive award(s) for Plaintiff Shawn Brushingham.

(F)     Such other and further relief as to this Court may deem necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the complaint.


Dated: May 2, 2019                          Respectfully Submitted,

                                        By:/s Jason T. Brown
                                            Jason T. Brown
                                            **BROWN, LLC**
                                            111 Town Square Pl Suite 400
                                            Jersey City, NJ 07310
                                            T: (877) 561-0000/F: (855) 582-5297
                                            jtb@jtblawgroup.com

                                            *Attorneys for Plaintiff*